**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | |
|---|---|
| LINDSEY EBERHARDT<br>   32366 Birchwood Lane<br>   Avon Lake, Ohio 44012<br><br>  *Plaintiff*<br><br>  *v.*<br><br>JUDGE FRANK J. JANIK<br>*In his individual and official capacity*<br>   Lorain County Courthouse<br>   225 Court Street, 4th Floor<br>   Elyria, Ohio 44035<br><br>  *And*<br><br>ADAM BRYDA<br>*In his individual and official capacity*<br>   Lorain County Courthouse<br>   225 Court Street, 4th Floor<br>   Elyria, Ohio 44035<br><br>  *And*<br><br>BENJAMIN DAVEY<br>*In his individual and official capacity*<br>   Lorain County Courthouse<br>   225 Court Street, 4th Floor<br>   Elyria, Oho 44035<br><br>  *Defendants* | CASE NO.<br><br><br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY**<br>**JUDGEMENT PURSUANT TO 42**<br>**U.S.C. § 1983** |

Parties

1. Plaintiff Lindsey Eberhardt is a natural United States citizen who resides in Lorain County, Ohio. She is the sole surviving parent of two minor children ages nine and eleven.

2. Defendant Frank Janik is a natural United States citizen and duly elected judge of the Lorain County Common Pleas Court Juvenile Division. Frank Janik is a resident of Lorain County, Ohio.

3. Adam Bryda is a natural United States citizen and an employee of Defendant Janik. He is employed as his bailiff and ostensibly employed as a magistrate even though he was not appointed as a magistrate as required by Ohio Juvenile Rule 40 until September 19, 2018. Mr. Bryda is a resident of Lorain County, Ohio.

4. Benjamin Davey is a natural United States citizen and an employee of Defendant Janik. He is ostensibly employed as a magistrate even though he was not appointed as required by Ohio Juvenile Rule 40 until September 19, 2018. Mr. Davey is a resident of Lorain County, Ohio.

Jurisdiction and Venue

5. Lindsey Eberhardt incorporates the preceding paragraphs of this complaint as if fully rewritten herein.

6. This Court has original jurisdiction pursuant to 28 USC § 1331 and 28 U.S.C. § 1343 because this is a civil action arising under laws of the United States specifically 42 USC § 1983 et seq.

7. Venue is proper in this district pursuant to 28 USC § 1391 (b) because it is a judicial district where all the defendants reside, and a judicial district in which the events or omissions giving rise to the claim occurred.

## Facts Common to All Causes of Action

8. Melva Sherwood is the mother of Lindsey Eberhardt's deceased husband (Andrew) and grandmother to her two minor sons. She married Scott Sherwood who was a step-father to Andrew.

9. Melva Sherwood blames Lindsey Eberhardt for her son's death and for a period of years has attempted to take custody of Lindsey Eberhardt's children.

10. On September 14, 2010, Melva and Scott Sherwood, as paternal Grandmother and paternal step-grandfather, invoked the jurisdiction of the Lorain County Juvenile Court by filing a Complaint for Custody of Minor Children Not a Ward of This State or Any Other State. The complaint contained one count seeking custody of the minor children. No second or alternative count was contained in the complaint seeking grandparent visitation and no mention of visitation was contained in the complaint.

11. On May 10, 2011, the Sherwoods filed an Alternate Motion for Grandparents Visitation/Companionship Rights but did not amend their custody complaint.

12. On June 7, 2011, Lindsey Eberhardt and Andrew married. Under Ohio case law and equal protection case law, this event precludes a grandparent from seeking visitation.

13. On November 1, 2011, an agreed entry was submitted and approved by the juvenile court granting the Sherwoods limited visitation with the minor children. The judgment entry did not address the pending complaint, but closed the case. No allocation of parental rights was made.

14. On December 5, 2014, Eberhardt filed a Motion to Terminate or Modify/Limit Grandparents' visitation.

15. On January 23, 2015, the Sherwoods filed a supplemental motion to expand visitation.

16. On October 6, 2015, the Sherwoods filed a Motion for Legal Custody of the minor children. They did not file a complaint.

17. On October 15, 2015, both the Sherwoods' and Eberhardt's visitation motions were improperly merged into Grandparents' newly filed motion for custody.

18. On August 29, 2016, the Sherwoods dismissed their pending Motion for Legal Custody and motion to modify grandparents' visitation. No allocation of parental rights was made.

19. At all times relevant, the Sherwoods have never filed a complaint seeking visitation based upon their status as grandparents as required by Ohio Rev. Code §3109.11[1] and Ohio Rev. Code §3109.12.[2] Therefore, the

---

[1] If either the father or mother of an unmarried minor child is deceased, the court of common pleas of the county in which the minor child resides may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable companionship or visitation rights and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child…

[2] If a child is born to an unmarried woman and if the father of the child has acknowledged the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code

        Sherwoods have never invoked the jurisdiction of the juvenile court to enter an order granting them grandparents' visitation. *In re Gibson*, 61 Ohio St.3d 168, 573 N.E.2d 1074, (1991).

20. Subject matter jurisdiction defines the competency of a court to render a valid judgment and cannot be waived. *Time Warner AxS v. Pub. Util. Comm.* (1996), 75 Ohio St. 3d 229, 1996-Ohio-224; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶11. This applies to Ohio juvenile courts and their proceedings. *In re C.M.*, 2008-Ohio-2977 at ¶¶18-19 (OHCA10).

21. Ohio juvenile courts are statutory courts of limited jurisdiction and can only exercise jurisdiction conferred upon them by statute. *In Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306 at ¶¶14-15.

22. Any proclamation by the juvenile court is void for lack of jurisdiction and all acts by the defendants were performed without jurisdiction.

23. The juvenile court was without subject matter jurisdiction to approve the November 1, 2011 grandparent visitation order and Judge Janik did not have jurisdiction to issue the October 14, 2016 visitation order.

24. Linsey Eberhardt testified in the trial on her Motion to Terminate Visitation that she filed a Motion to Terminate Visitation because Grandmother's "behaviors that are happening when my children visit

---

or has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child, the father may file a complaint requesting that the court of appropriate jurisdiction of the county in which the child resides grant him reasonable parenting time rights with the child and the parents of the father and any relative of the father may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the child…

aren't good for my kids to be going through."[3] She further testified that visitation with the Sherwoods undermines the trust her children have in Eberhardt and when "they go there, and it directly contradicts everything that I want. . ."[4]

23. Mother reiterated her position on redirect at trial when she stated:

Q. Lindsey, one question. What are your wishes regarding the visitation with the Sherwoods?
MR. ENGLISH: Objection, Your Honor. That's been asked and answered repeatedly.
MR. NICOL: Well, it was asked by --
THE COURT: I'll allow it. I'm not sure there was a question as to what the ultimate wishes would be, so I'll allow it.
Q. What are your wishes regarding a visitation schedule for the Sherwoods and your children?
A. **That she doesn't have any visitation until I can be assured that my children are going to be safe when they're with her**. [Emphasis added].[5]

25. Despite Lindsey Eberhardt's clear directive that she did not want any visitation until she knows the children are going to be safe, Judge Janik concluded that Lindsey Eberhardt did not want the visitation terminated.

26. Judge Janik stated that Eberhardt wanted to "continue the current emergency temporary order"[6] which had no overnight visitation. Despite this, he ordered overnight visitation contrary to what he wrongfully stated Eberhardt's express wishes were.

27. Judge Janik misinterpreted/misconstrued/discounted Eberhardt's wishes regarding continued grandparents' visitation. Judge Janik erroneously

---

[3] Exhibit 2 at 498
[4] Exhibit 2 at 525
[5] Exhibit 2 at 646-647
[6] Exhibit 3 at 21

6

stated that stated "Mother feels it would be in the best interest of the children to continue the current emergency temporary order schedule . . .[7]"

28. Judge Janik again misinterpreted and misstated Mother's wishes when he concluded that:

> Although [Mother] filed a motion to terminate the plaintiffs' visitation, she does not want their visitation to actually be terminated. Instead, she wants their visitation to be restricted to one Saturday per month, and most importantly, to stop undermining her as a mother and to stop using the children as tools for further litigation. She wants the children to have a normal, fun, relationship with the Sherwoods.[8]

29. In the decision dated October 14, 2014, denying Lindsey Eberhardt's Motion to Terminate Visitation Judge Janik found:

> The children are currently in counseling with Dr. Lois Fridenstine. Melva's actions pose a risk to the mental/ emotional health of the minor children. Her conduct of weighing them naked, recording them, using investigators to follow them/mother, discussing the litigation with them, examining their excrement, and questioning them about mother's activities is having a detrimental effect to their mental/emotional health and safety.[9]

30. Judge Janik also found that:

> Both Melva and mother have suffered greatly (and are still suffering) from Andrew's death. However, the suffering is only being exacerbated by Melva's vendetta against Lindsey. She has made a number of accusations against mother. She has used the minor children as investigatory tools. She has weighed them naked, examined their excrement, questioned them, recorded them, and used private investigators to follow them. She has also purposely undermined mother's authority on numerous occasions, to wit: taking the children to the heroin awareness event without mother's knowledge/ consent; purchasing them presents from "Santa" despite being told not to; telling them that mother's rules do not apply in her

---

[7] Exhibit 3 at 21
[8] Exhibit 3 at 33
[9] Exhibit 3 at 30

7

>household; and giving them vitamins without mother's knowledge/consent. Melva does not respect Lindsey as the children's mother. Instead, she views the children as *her children,* which was evident at trial when her counsel repeatedly referred to the children as "her children," and not "her grandchildren." The children have become collateral damage in Melva's war with mother. The Court finds Melva's conduct to be adverse to the best interest of the children. If Melva continues her inappropriate conduct, then it may result in her and Scott's visitation being completely terminated. If Melva requires individual counseling to address her emotional issues, then this Court strongly recommends that she engage in such counseling.[10]

31. Despite these findings. Judge Janik denied Eberhardt's Motion to Terminate Visitation and ordered that it continue with overnight unsupervised visitation contrary to her wishes.

32. Lindsey Eberhardt, as s suitable parent, has the fundamental constitutional right to determine the care, custody, and management of her children. *Cottrell v. Cottrell*, 2014-Ohio-646 at ¶¶17-20, 8 N.E.3d 1003, (OHCA12); *Troxel v. Granville*, 530 U.S. 57 at 65-66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *Parham v. J. R.*, 442 U.S. 584, 602, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979).

33. Lindsey Eberhardt enjoys a fundamental constitutional right, protected by the Due Process clause of the Fourteenth Amendment, to have her wishes as a suitable parent honored by Judge Janik unless there is a compelling reason otherwise. Judge Janik made no such finding. Judge Janik neither found Lindsey Eberhardt to be unfit nor gave any justification for why her wishes should not be deferred to.

---

Exhibit 3 at 35-36

34. Lindsey Eberhardt's wishes as a suitable parent cannot be honored when her directives are either misinterpreted/misunderstood/discounted by Judge Janik or when purportedly recognized by him and then discounted and countermanded.

35. Therefore, the decision dated October 14, 2016 granting the Sherwoods visitation violated Lindsey Eberhardt's constitutional rights.

36. Even though Judge Janik professed to recognize Mother's fundamental constitutional rights as a parent, Judge Janik failed to uphold them in any meaningful fashion.

37. No deference was afforded to Mother's wishes in violation of her constitutionally guaranteed fundamental rights. Judge Janik misstated them and then ignored/ discounted them. At the same time, Judge Janik awarded Melva overnight unsupervised visitation he found that "The children have become collateral damage in Melva's war with mother. The Court finds Melva's conduct to be adverse to the best interest of the children."[11]

38. The juvenile court's indifference to Mother's wishes was further demonstrated when Magistrate Bryda ordered the visitation to continue against Eberhardt's wishes without a telephone. The juvenile court's indifference to Eberhardt's wishes is further demonstrated by the fact Eberhardt could not obtain *ex parte* relief even though she alleged serious harm was occurring to her children. Yet, the grandparents could obtain *ex*

---

[11] Exhibit 3 at 36

      *parte* relief merely by claiming they were missing visitation in violation of the local court rules of practice.

39. When Lindsey Eberhardt sought redress from Judge Janik and his staff to prevent Melva Sherwood from acting contrary to Judge Janik's admonitions to not continue to harm her children, her pleas fell upon deaf ears.

40. Melva Sherwood admitted that she did not respond to Lindsey's Eberhardt's pleas to honor her wishes as a parent.[12]

41. Left with no other recourse to protect her children, Lindsey Eberhardt withheld visitation from the Sherwoods.

42. Melva and Scott Sherwood cited Lindsey Eberhardt for contempt of court for violating the October 14, 2018 decision.

43. The contempt of court hearing took place before Benjamin Davey on July 24 and 25, 2018[13] even though Mr. Davey was not appointed as a magistrate until September 19, 2018.[14] He found her to be in contempt of the October 14, 2018 visitation order on August 6, 2018.

44. The contempt finding was in violation of Eberhardt constitutionally protected rights as a suitable parent and afforded her wishes no deference.

45. Despite Ohio Law recognizing that a good faith belief that visitation must be withheld to protect children from harm is a defense to civil contempt, Benjamin Davey wrongfully precluded Lindsey Eberhardt from offering

---

[12] Exhibit 4 at 60
[13] Transcript attached as Exhibit 4
[14] Exhibit 5

10

evidence concerning this defense.[15] *Hensley v. Hensley*, 2009-Ohio-1738 at ¶22 (OHCA6); *Karales v. Karales*, No. 00AP-1428 (ONCA10 2001); *Hout v. Hout*, , 2008-Ohio-2684 (OHCA11); *McClead v. McClead*, 2007-Ohio-4624 at ¶33, (OHCA2 ). *Steele v. Steele*, 2013-Ohio-3655 at ¶20 (OHCA2); *Shook v. Shook,* No. 97CA0074 ()HCA9 1998); *Kurincic v. Kurincic,* No. 75592 (OHCA8 2000).

46. During the contempt hearing, the Sherwoods withdrew their allegations of criminal contempt leaving only allegations of civil contempt.[16] Yet, Eberhardt was unconstitutionally sentenced for criminal contempt without notice or due process by Judge Janik in violation of her constitutional rights.

47. The failure to permit Lindsey Eberhardt to offer evidence in support of a valid defense to contempt charges violated her constitutional rights as guaranteed by the Due Process Clause of the Fourteenth Amendment. *In re Green* (1962), 369 U.S. 689, 82 S. Ct. 1114; *In re Oliver* (1948), 333 U.S. 257, 68 S. Ct. 499; *Courtney v. Courtney* (1984), 16 Ohio App. 3d 329, 475 N.E.2d 1284.

48. On August 6, 2018, Benjamin Davey found Lindsey Eberhardt guilty of contempt of court.

49. On August 9, 2018, Lindsey Eberhard requested findings of fact and conclusions of law.

---

[15] Exhibit 4 at 74-87
[16] Exhibit 4 at 74

11

50. On August 16, 2018, Benjamin Davey improperly denied her Request for Findings of Fact and Conclusions of Law contrary to Ohio Juv. R 40.[17] This further deprived Eberhardt of her constitutional right to due process in a contempt proceeding and insured that Eberhardt's objections would not be considered.

51. Lindsey Eberhardt filed her objections to Mr. Davey's decision finding her in contempt of court on August 18, 2018.

52. Judge Janik improperly ruled that her objections were untimely because Mr. Davey denied her Request for Findings of Fact and Conclusions of Law further denying her constitutional right to due process in a contempt proceeding.

53. A Request for Findings of Fact and Conclusions of Law extends the time in which objections are due according to Ohio Juvenile R 40.

54. The refusal to consider Lindsey Eberhardt's objections denied her a chance to be heard; denied her constitutional right to produce evidence and have her arguments considered in defense of a contempt charge; and violated her fundamental right to raise her children as a suitable parent. *In re Green,* 82 S.Ct. 1114, 369 U.S. 689 at 692, 8 L.Ed.2d 198, (1962); *In re Joyce A. Rackley,* 87-LW-0931, (OHCA11); *Cottrell v. Cottrell*, 2014-Ohio-646 at ¶¶17-20, (OHCA12).

---

[17] Mr. Davey's decision was entered on August 6, 2018. The Request for Findings of Fact and Conclusions of Law was filed on August 9, 2016. The entry denying the Request for Findings of Fact and Conclusions of Law was filed August 16, 2018 and mailed on August 17, 2018. August 17, 2018 was a Friday. This would leave three days for the entry to be received and objections prepared and filed. This effectively prevented Eberhardt from timely objecting.

55. On September 21, 2018, Judge Janik sentenced Lindsey Eberhardt to 30 days in jail and fined her $7,071.71 for contempt because she refused to follow Mr. Davey's decision, refused to allow Judge Janik to usurp her constitutional right to manage the care of her children, and refused to subject her children to the continuing harm posed by Melva Sherwood that Judge Janik previously recognized and admonished against.

56. Simultaneous with the imposition of 30 days of incarceration, Judge Janik *sua sponte* and without notice or taking any evidence awarded emergency temporary custody to Melva Sherwood who was the one person who he found to have harmed the children and who Judge Janik specifically found to have engaged in behavior which can only be interpreted as is consistent with mental instability.

57. Judge Janik did so even though Lindsey Eberhardt informed the court through counsel that she made arrangements for the care of her children. This act was also contrary to Lindsey Eberhardt's wishes as a suitable parent.

58. Judge Janik has refused to issue a stay or set bond for Lindsey Eberhardt so that she can remain free pending a meaningful appeal of her conviction for contempt, a meaningful appeal of the violation of her fundamental constitutional rights as parent, and other violations of Ohio law.

59. As a convicted contemnor Lindsey Eberhardt has a constitutional right to an appeal and a reasonable bond pending appeal.

60. Judge Janik, Mr. Bryda, and Mr. Davey, jointly and severally engaged in other conduct that precluded Lindsey Eberhardt from adducing evidence and being heard in court during other proceedings in violation of her rights as a litigant afforded to her by Federal and Ohio Constitutions and law. Her applications to Judge Janik and his staff often received no consideration at all or no meaningful consideration. This pattern of conduct supports the belief that the defendants acted with personal animosity, ill will, and/or bias towards Eberhardt that extends beyond merely misapplying the law or performing their impartial duties a judicial officers in violation of her due process rights.

61. Lindsey Eberhardt served the first six days if her sentence. At that time, the Ohio Supreme Court released her on an emergency motion. Since that time the Ohio Supreme Court dismissed her Petition for Writ of Habeas Corpus *sua sponte* and without expressing a reason.

62. On December 4, 2018, Judge Janik issued an order[18] requiring Lindsey Eberhardt to report to court on December 14, 2018 to serve the remaining 24 days of her sentence. Judge Janik did not address the renewed motion for a stay filed on November 30, 2018 in his entry.

63. If her sentence is not stayed and is served before an appeal has been heard, then some of her assignments of error will be moot.

64. Lindsey Eberhardt filed direct appeals and is attempting to intervene in a pending prohibition action in state court since July 24, 2018 to no avail. She requested an alternative writ on July 24, 2018 to no avail. The state

---

[18] Copy attached as Exhibit "1"

14

court of appeals has not ruled on any pending appeal, motions for a stay, petitions for a writ, requests for an alternative writ, and motion for bond.

### Cause of Action for Declaratory Judgement

65. Lindsey Eberhardt incorporates the preceding paragraphs of this complaint as if fully rewritten herein.

66. Judge Frank Janik is a judicial officer.

67. Mr. Davey and Mr. Bryda have functioned as judicial officers even though not appointed as magistrates.

68. Judge Janik, Benjamin Davey, and Adam Bryda have violated Lindsey Eberhardt constitutional rights as set forth above.

69. Judge Janik, Adam Bryda, and Benjamin Davey continue and will continue to violate her constitutional right to raise her children as she sees fit by taking her liberty as a punishment for engaging in constitutionally protected conduct.

70. Judge Janik, Adam Bryda, and Benjamin Davey continue and will continue to violate her constitutional right to a meaningful appeal as a convicted contemnor by incarcerating her for disobeying an unconstitutional visitation order that is contrary to her wishes as a suitable parent and which does not afford her wishes the constitutionally mandated deference. If her sentence is served, her appeal becomes moot.

71. Judge Janik, Adam Bryda, and Benjamin Davey continue and will continue to violate her constitutional rights by enforcing a finding of contempt premised upon a hearing that did not afford to her the

  opportunity to present evidence concerning a valid defense/explanation to the charges of contempt in violation of her due process protections.

72. 42 U.S.C. § 1983[19] provides that a person whose constitutional rights have been violated by a judicial officer may seek a declaratory judgment decreeing that the conduct of the judicial officer is unconstitutional. *Ward v. City of Norwalk*, 640 Fed.Appx. 462 at 467 (6th Cir. 2016).

73. If declaratory judgment is not granted by this court, Lindsey Eberhardt will be forced to serve another 24 days in jail and her constitutionally guaranteed rights as parent and as an accused/convicted contemnor will continue to be trampled and held for naught.

74. This case presents a real controversy because if declaratory judgement is not issued finding Judge Janik, Benjamin Davey, and Adam Bryda have violated Linsey Eberhardt's constitutional rights, then she will face continued incarceration and penalties. Eberhardt has not paid the fine and lacks the funds to do so as a single parent. The Sherwoods have already

---

[19] **§ 1983. Civil action for deprivation of rights**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

filed additional contempt citations which Judge Janik and his staff have set for trial at a future date.

WHEREFORE, Plaintiff Lindsey Eberhardt prays that this court enter a declaratory judgment pursuant to 42 U.S.C. 1983 finding that Judge Janik, Adam Bryda, and Benjamin Dave have violated her civil rights.

Respectfully submitted,

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM (0021698)
Attorney for Plaintiff
230 Third Street, Suite 101
Elyria, Ohio 44035
jerosenbaum@windstreaml.net
440-322-7972