**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LINDSEY EBERHARDT,** | ) | **CASE NO.1:18CV2814** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **JUDGE FRANK JANIK, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Lindsey Eberhardt's Verified Motion for Temporary Restraining Order. (ECF # 2). For the following reasons, the Court denies Plaintiff's Motion.

On December 6, 2018, Plaintiff Lindsey Eberhardt filed her Complaint in this Court for Declaratory Judgment Pursuant to 42 U.S.C. § 1983. That same day, she filed her Verified Motion for Temporary Restraining Order (ECF # 2), asking the Court to enjoin Lorain County Domestic Relations Judge Frank Janik and Magistrates Adam Bryda and Benjamin Davey from enforcing a September 21, 2018 Order finding Eberhardt in contempt of court. Unless the Court enjoins the Judge and Magistrates, Eberhardt will be incarcerated for twenty-four days and temporary custody will be awarded to her in-laws: the Sherwoods.

According to Eberhardt's Complaint, this case involves a visitation dispute between Eberhardt, mother of two sons and her in-laws. Melva Sherwood is the mother of Eberhardt's deceased husband Andrew. Melva is married to Scott Sherwood, step-father to Andrew. In 2010, the Sherwoods filed a Complaint for Custody of Minor Children seeking to obtain custody of Eberhardt's two sons. In 2011, the Sherwoods filed an Alternate Motion for Grandparents Visitation/Companionship Rights. On June 7, 2011, Andrew and Eberhardt married and on November 1, 2011, an agreed entry was approved by the Court, granting the Sherwoods limited visitation (one weekend a month). Andrew died of a drug overdose on October 3, 2012. On December 5, 2014, Eberhardt moved to terminate the Sherwoods' visitation rights and the Sherwoods countered with a motion to expand visitation rights. In October 2015, the Sherwoods moved for legal custody of Eberhardt's children. The Court merged the visitation motions into the custody motion and in 2016 the Sherwoods dismissed their motion for custody. In October of 2016, the Court entered its visitation order, allowing the Sherwoods continued monthly visitation with Eberhardt's sons.

According to Eberhardt, the juvenile court lacked jurisdiction to render its visitation ruling because the Sherwoods never filed a Complaint for Visitation as required by Ohio law.

Eberhardt sought to overturn the Sherwoods' visitation rights because she was concerned that the Sherwoods conduct towards her children presented safety issues. Melva blamed Eberhardt for the death of her son. Melva would weigh the boys because she feared Eberhardt was not providing the boys an appropriate diet. Melva examined the boys' stool and took the boys to an opioid support meeting. Melva also took the boys' cell phone away that had been provided them by Eberhardt when they stayed with the Sherwoods so the boys

could contact Eberhardt if they wanted to talk to her.  According to Eberhardt, Judge Janik discounted Eberhardt's wishes and, despite finding Melva's conduct toward the children was detrimental, he allowed visitation to continue.  Thus, according to Eberhardt, by discounting Eberhardt's desire to overturn the visitation order, Judge Franik violated her Due Process rights.

Eberhardt withheld visitation from the Sherwoods despite the court's order to the contrary.  The Sherwoods moved for contempt and a hearing was held before Magistrate Davey on July 24 and 25, 2018, even though Davey was not appointed Magistrate until September 19, 2018.  Magistrate Davey recommended a finding of contempt against Eberhardt for failure to comply with the October 14, 2016 visitation order.

Eberhardt contends Davey violated her Due Process rights by affording her wishes no deference and precluding her from offering as a defense to the contempt allegation evidence that withholding visitation prevented harm to the children.

After finding Eberhardt in contempt of court, Judge Janik ordered her to serve 30 days in jail.  Judge Janik gave Eberhardt an opportunity to purge her contempt by paying the Sherwoods' attorney's fees in the amount of $7,071.71.  Eberhardt failed to do so but instead indicated to the court she would continue to deny visitation to the Sherwoods.   She served six days in jail, but the Ohio Supreme Court ordered her released pending its ruling on Eberhardt's Petition for Writ of Habeas Corpus.  On November 28, 2018, the Ohio Supreme Court denied Eberhardt's Petition and denied her Motion for Bond and alternative writs.  On December 3, 2018, Judge Janik set a sentencing hearing for Friday, December 14, 2018, to impose the remainder of Eberhardt's thirty day sentence.  It is this Order that Eberhardt asks

3

this Court to enjoin.

## Standard of Review

**Injunctive Relief**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F. 3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d 1223, 1229 (6th Cir. 1985)), " a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F. 2d 256, 257 (6th Cir. 1968).

The Court may issue a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party

found to have been wrongfully enjoined or restrained. (Fed. R. Civ. P. 65c).

**<u>Declaratory Judgment</u>**

Eberhardt brings this action for declaratory relief. The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nevertheless, the Supreme Court has reiterated the discretionary nature of the Act. In *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]." Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985).

Eberhardt seeks to enjoin the Domestic Relations Judge and Magistrates from enforcing the September 21, 2018 Order and the subsequent December 3, 2018 Order finding Eberhardt in contempt and ordering her to serve thirty days in jail and pay a fine of $7,071.71. On a motion for temporary restraining order, a plaintiff has the burden to show by clear and convincing evidence she is entitled to relief. The first element a plaintiff must prove is a strong likelihood of success on the merits. Eberhardt cannot do so.

A review of the docket of the Lorain County Court of Common Pleas demonstrates Eberhardt has presently pending appeals for the Domestic Relations Court's visitation order and contempt order. Under the *Younger* abstention doctrine, the Sixth Circuit has held that

5

"federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v. Coughlan,* 469 F.3d 551, 555 (6th Cir. 2006). This principle applies to noncriminal judicial proceedings where important state interests are concerned. *Id.*

"A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that: (1) are currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees,* 707 F.3d 699, 701 (6th Cir. 2013). Abstention is appropriate unless plaintiff "can show that one of the exceptions to *Younger* applies, such as bad faith, harassment, or flagrant unconstitutionality." *Squire,* 469 F.3d at 557. "A plaintiff must have an adequate opportunity in the state proceedings to raise constitutional challenges to satisfy the third prong of the *Younger* abstention test. Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims. The plaintiff bears the burden of showing that state law barred presentation of his or her constitutional claims." *Id* at 556. If abstention applies the Court may not grant injunctive relief. *See Sun Ref. & Mktg. Co. V. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (holding that "when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief").

Upon review, the Court finds Eberhardt cannot show *Younger* is inapplicable because she has appeals presently pending on the very matters she asks the Court to determine. Thus, the first element is met. Under the second element of *Younger,* the Sixth Circuit has held that domestic relations issues concern important state interests. See *Evans v. Yarbrough,* 238 F.3d

420 (6th Cir. 2000) ("Further, a domestic relations question involves an important state interest under the second element of *Younger*."). Thus, because this matter unquestionably concerns domestic relations matters it involves an important state interest. Finally, Eberhardt has not shown by clear and convincing evidence that she lacks the opportunity to raise her constitutional claims in the appellate proceedings. In fact, the only evidence on the issue demonstrates that Eberhardt raised the same constitutional challenges in the contempt hearing and in her Petition for Habeas Corpus with the Ohio Supreme Court. In short, Eberhardt has failed to meet her burden that *Younger* abstention does not apply and therefore cannot show a strong likelihood of success on the merits.

Even were this Court to consider the merits, there is simply no clear and convincing evidence that Eberhardt's constitutional rights were violated. Eberhardt contends the Domestic Relations Court failed to grant special deference to her wishes as required by the Supreme Court in *Troxel v. Granville*, 530 U.S. 57 (2000). In *Troxel,* the Supreme Court held that a Washington state statute, permitting any person the opportunity to petition the court for visitation, violated the substantive due process rights of the mother as it denied the parent the fundamental right to make decisions as to the care, custody and control of her children. According to Eberhardt, Judge Janik in his custody decision discounted her wishes not to allow the Sherwoods visitation "until I can be assured that my children are going to be safe when they are with her." (Visitation hearing transcript at pg. 646-47.). However, in his visitation ruling, Judge Janik noted that the parties had originally agreed to visitation dating back to 2011. He clearly considered Eberhardt's concerns as reflected in the visitation order wherein he wrote:

7

Mother stated her wishes and concerns:

 i. She wants Melva to stop investigating, interfering, and undermining her as mother, and most importantly, to stop using the children as tools for litigation.
 ii. She wants the children to have a normal life. She wants Melva and Scott to simply be grandparents, and to have fun during their visits rather than gather evidence for litigation purposes.
 iii. She wants all of the restrictions from the emergency order to remain in place.

Judge Janik then discussed Eberhardt's representations to the court that:

w. She wants the endless litigation to stop, and for her to be able to devote her time and money on the children, and not attorney fees.
x. She feels it would be in the best interests of the children to continue the current emergency temporary order schedule, to wit:
 i. One Saturday per month from 9 a.m. - 6 p.m.
 ii. Keep all of the restrictions in place relating Melva being restrained from the following:
  1. Weighing the children
  2. Reviewing their excrement
  3· Hiring private investigators to follow the children
  4· Recording the children
  5. Disparaging mother
  6. Questioning the children
  7. Taking the children to any heroin awareness activities
  8. Taking the children to father's memorial site

(Visitation Order at pgs. 20-21)

Judge Janik then considered *Troxel* and the deference to be accorded Eberhardt's wishes. *Id* at 22-23. Judge Janik then wrote "As required by *Troxel* and *Lang,* the Court must place special weight on mother's wishes. Although mother filed a motion to terminate the plaintiffs' visitation, she at no time testified that she wants their visitation to be terminated." *Id* at 36. Judge Janik then concluded:

The Court finds that mother's wishes and desires relate to Melva's conduct *while* exercising visitation, as opposed to the actual visitation *time* schedule. Therefore, the Court finds that it is in the minor children's best interest to return the plaintiffs' visitation back to the 2011 Visitation order, but to include

the restrictions from the June 29, 2016 Judgment Entry. This will not only ensure a positive relationship between the Sherwoods and the minor children, but also honor mother's wishes.

In light of the above transcript, Eberhardt has not proven by clear and convincing evidence that she was denied her substantive due process rights to have her wishes afforded special deference. The evidence before the Court shows that arguably Judge Janik considered Eberhardt's wishes and imposed several restrictions on the Sherwoods in deference to Eberhardt's wishes. [1]

Also, insofar as Eberhardt challenges the visitation order, the Court finds it lacks jurisdiction over challenges to state court decisions under the *Rooker-Feldman* doctrine, "even if those challenges allege that the state court's action was unconstitutional." *Hinton v. Teodosio, et al.,* No. 5:12CV 1267, 2012 WL 5354584, *4 (N.D. Ohio Oct. 29, 2012) citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483n (1983): *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Eberhardt asks the Court to find the visitation order she was found to be in contempt of unconstitutional as the Court did not consider her wishes as parent.

Nor has Eberhardt demonstrated by clear and convincing evidence she was denied any

---

[1] The Court further notes that while the Complaint was not verified, Eberhardt's counsel attached an affidavit to the Motion for Temporary Restraining Order that reads simply "I, Jonathan Rosenbaum, hereby verify under oath that the factual and legal allegations contained in Lindsey Eberhardt's complaint for declaratory judgment and in this motion for a temporary restraining order are true to the best of my knowledge."
Rosenbaum was not counsel for Eberhardt at the visitation hearing and his affidavit cannot provide clear and convincing evidence of events he did not personally witness or participate in. Thus, the only evidence of what transpired at the visitation hearing is what the state court filings provide.

procedural due process at the contempt hearing. The record before the Court demonstrates a hearing was held, Eberhardt was represented by counsel, she was questioned and admitted she had not and would not comply with the visitation order and her counsel had the opportunity to and did vigorously question Melva about her compliance with Judge Janik's Order, which Eberhardt argued was the basis for her noncompliance. (See Contempt Transcript pgs. 48-49). The court would not allow certain lines of questioning on the conditions at the Sherwood's home, finding the questions irrelevant to a civil contempt proceeding and noted they were all arguments addressed by Judge Janik in his original visitation order, but allowed Eberhardt's counsel to proffer his objections for appeal. This presents evidentiary issues and not constitutional due process violations. Furthermore, the Domestic Relations Court had previously considered these arguments and found they did not warrant denying visitation. In short, based on the evidence before the court, Eberhardt was afforded an opportunity to confront her accusers and was given an opportunity to be heard.

42 U.S.C. § 1983 authorizes Declaratory Judgment against a judicial officer for alleged constitutional violations. However, it proscribes injunctive relief unless a declaratory decree was violated or declaratory relief is unavailable. Eberhardt does not allege nor does she offer any evidence that Defendants violated any declaratory decree. Thus, Eberhardt must show declaratory relief is unavailable. She argues the appellate court and Ohio Supreme Court have not issued rulings on her appeals however, that is not the same as demonstrating relief is unavailable. Ohio has a declaratory relief statute at O.R.C. 2721 et seq. Eberhardt has not demonstrated by clear and convincing evidence that the relief under this statute was unavailable to her. Therefore, on this basis as well, her Motion for Temporary Restraining

Order must fail.

> Under Ohio law contempt orders are reviewable on appeal.
>
> The judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal. Appeal proceedings shall not suspend execution of the order or judgment until the person in contempt files a bond in the court rendering the judgment, or in the court or before the officer making the order, payable to the state, with sureties to the acceptance of the clerk of that court, in an amount fixed by the reviewing court, or a judge thereof, conditioned that if judgment is rendered against such person he will abide by and perform the order or judgment.

Ohio Rev. Code § 2705.09.

Ohio courts are authorized to punish noncompliance with court orders. A court has authority "to punish the disobedience of its orders with contempt proceedings." *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870 syllabus.

Contempt may be classified as either civil or criminal depending on the court's underlying rationale and the penalty imposed. Civil contempt orders seek to coerce compliance with the court's orders while criminal orders punish the party who offends the court. *Denovcheck v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362; *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253-254, 416 N.E.2d 610. "Furthermore, a sanction for civil contempt must allow the offender an opportunity to purge himself or herself of the contempt." *Amsbary v. Amsbary*, No. 96CA11, 1997 WL 139440, at *2 (Ohio Ct. App. Mar. 25, 1997). Though Eberhardt contends the contempt order was criminal in nature, the evidence before the Court indicates it was civil as it seeks to force compliance and gave Eberhardt the opportunity to purge the contempt. See Judgment Entry Dec. 3, 2018, (ECF # 1-1). In light of the above, the Court finds Eberhardt cannot show by clear and convincing evidence that the Domestic Relations Court was without jurisdiction to

issue its contempt ruling as contempt proceedings are within the court's powers under Ohio law. Eberhardt argues that the contempt order must fail because the original visitation order was unconstitutional, however, under the Domestic Relations exception, federal courts are divested of jurisdiction over "divorce, alimony decrees, and child custody orders." See *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.* 654 F.2d 1212,1215 (6th Cir. 1981). Because this matter ultimately seeks to overturn the visitation order of a Domestic Relations Court, this action is barred by the Domestic Relations exception. See *Izazaga v. Fleming,* No. 5:14CV213, 2015 WL 1284158, *2 (W.D. Ky. March 18, 2015) (finding court lacked jurisdiction because substance of claim was custody and visitation order).

Therefore, for the foregoing reasons, the Court denies Eberhardt's Motion for Temporary Restraining Order.

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge
Dated: December 13, 2018